IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:11-CR-121-H
NO. 7:14-CV-72-H

| | |
|---|---|
| DONALD BRANCH, | ) |
| Petitioner, | ) |
| v. | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

This matter is before the court on the government's motion to dismiss, or in the alternative, motion for summary judgment on petitioner's 28 U.S.C. § 2255 motion to vacate. Petitioner has responded, and this matter is ripe for adjudication.

On November 8, 2011, petitioner pled guilty, pursuant to a written plea agreement, to a criminal information charging him with the illegal possession of identification documents and aiding and abetting the same offense, in violation of 18 U.S.C. §§ 1028(a)(3) and 2 (Count One); and aggravated identity theft and aiding and abetting the same offense, in violation of 18 U.S.C. §§ 1028A and 2 (Count Two). [D.E. ##1, 12, 13]. On April 9, 2012, this court sentenced petitioner to a term of

imprisonment of 48 months. The judgment was entered on the docket the same day. Petitioner did not appeal; therefore, his judgment became final on "the date upon which [petitioner] declined to pursue further direct appellate review." United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001).

On April 10, 2014, petitioner filed the instant motion pursuant to 28 U.S.C. § 2255. Petitioner alleges that his counsel did not share the presentence investigation report (PSR) with him until "a few days prior" to his sentencing [D.E. #38 at 23]; that his PSR contained inaccurate information [D.E. #38 at 23]; and that, as a result of ineffective assistance of counsel, he did not knowingly and voluntarily plead guilty [D.E. #38 at 24-25]. Petitioner also appears to raise a general claim of ineffective assistance of counsel. [D.E. #38 at 25-27].

Title 28 U.S.C. § 2255 imposes a one-year statute of limitations on actions filed pursuant to that section. The pertinent text of 28 U.S.C. § 2255 provides that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was

2

>    prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2255(f).

Petitioner's motion was not filed within one year of his judgment becoming final. Furthermore, petitioner has not alleged facts to warrant extension of the limitations period based upon a newly recognized right. Therefore, petitioner's motion was not filed within the statutory period set forth in section 2255(f)(1) and cannot benefit from the limitations period in section 2255(f)(3). Petitioner's motion is untimely.

The statute of limitations period for section 2255 motions is subject to equitable tolling. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000). An otherwise time-barred petitioner is entitled to equitable tolling in "those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (citing Harris v. Hutchinson, 209 F.3d 325,

3

330 (4th Cir. 2000)). In order for equitable tolling to apply, petitioner must demonstrate that (1) he has been pursuing his rights diligently, and (2) extraordinary circumstances stood in his way and prevented him from timely filing. Holland v. Florida, 130 S.Ct. 2549, 2562 (2010); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Petitioner did not allege sufficient facts and circumstances in his petition to support a claim for equitable tolling.

## **CONCLUSION**

For the foregoing reasons, the government's motion to dismiss [D.E. #43] is GRANTED, and petitioner's section 2255 motion [D.E. #38] is DISMISSED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this Court's dismissal of petitioner's section

4

2255 motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 13th day of November 2014.

*signature*
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#34